```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x

STEPHEN TODD BENNETT,

                Petitioner,                         NOT FOR PUBLICATION
                                                    **MEMORANDUM AND ORDER**
        -- against --                               04-CV-1660(CBA)

WILLIAM PHILIPS, Superintendent of
GREENHAVEN CORRECTIONAL
FACILITY

                Respondent.
----------------------------------------------------x
```
AMON, United States District Judge.

Before the Court is a petition by Stephen Todd Bennett for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his conviction in New York State Supreme Court for First Degree Robbery and Second Degree Robbery. Bennett asserts that he is entitled to such relief because he was wrongly denied his constitutional right to a trial by jury and because he received ineffective assistance from his trial counsel. On August 27, 2004, this Court referred Bennett's petition to the Honorable Roanne L. Mann, United States Magistrate Judge, for a Report and Recommendation ("R&R"). In a thorough R&R, Magistrate Judge Mann has recommended that the petition be denied. The Court agrees with that assessment, and hereby adopts the R&R as the opinion of the Court.

**I.      Discussion**

A.      Constitutionality of AEDPA Standard of Review

Counsel for Bennett have filed objections arguing that the deferential standard of review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), upon which the R&R relies, is unconstitutional because it, "by act of the Legislature, prescribes a judicial

1

standard for findings of fact and conclusions of law and of interpreting the law and the Constitution, matters that are the exclusive preserve of the judiciary under the Constitution." (Pet.'s Objections 1, Sept. 1, 2005). The objections characterize AEDPA as "a backdoor effort at suspending the Great Writ by enacting limitations on the exercise of habeas corpus in violation of Art. I § 9, cl.2 of the Constitution." (Id. at 4.) This argument was never presented to Magistrate Judge Mann. Accordingly, it has been waived.

In any event, it is clear that the argument fails on its merits, as every Court of Appeals to address the issue has concluded that AEDPA's standard of review does not offend either the Suspension Clause or the constitutional principle of separation of powers. See Hughes v. Johnson, 191 F.3d 607, 612 (5th Cir. 1999); Houston v Roe, 177 F.3d 901 (9th Cir. 1999) cert. denied 528 U.S. 1159 (2000); Green v. French, 143 F.3d 865, 875–76 (4th Cir. 1998), cert. denied, 525 U.S. 1090 (1999); Lindh v. Murphy, 96 F.3d 856 (7th Cir. 1996) rev'd on other grounds 521 U.S. 320 (1997). In addition, in Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court rejected a construction of § 2254(d) that "would wrongly require the federal courts, including this Court, to defer to state judges' interpretations of federal law," id. at 377, and which the Court suggested might present separation of powers problems, id. at 378–79. The Court in Williams went on to articulate the proper interpretation of § 2254(d) which did not present such problems. That is the standard which Magistrate Judge Mann applied in this case. The Court therefore concludes that there is no merit to Bennett's assertion that AEDPA's deferential standard of review is unconstitutional.

B. Other Objections

Counsel for Bennett attached to its single objection a series of *pro se* objections by Bennet which essentially restate the arguments presented to Magistrate Judge Mann and which

2

were fully addressed by her R&R.[1] The Court agrees with Magistrate Judge Mann's treatment of these arguments and finds none of the objections to be persuasive. The record amply supports her conclusions that Bennett's trial counsel was adequately prepared, performed adequately during trial, and could not be faulted for failing to reopen the pre-trial suppression hearings. Bennett's objections relating to his counsel's alleged failure to call alibi witnesses are undermined by the fact that Bennett confessed on the stand, thus rendering alibi testimony confusing, if not perjurious or indicative of perjury. The other objections are similarly unpersuasive.

## II. Conclusion

Upon consideration of all of the filings in this case, including the R&R and objections thereto filed by Bennett and his counsel, the Court hereby adopts the R&R as the opinion of the Court. Bennett's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. The Clerk of the Court is instructed to enter judgment accordingly and to close the case. A certificate of appealability will not be issued because petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(e)(2).

SO ORDERED.

Dated: Brooklyn, New York
       May 31, 2006

Carol B. Amon
United States District Judge

---

[1] The Court notes that none of Bennett's objections challenges the R&R's conclusion that his waiver of his right to a jury trial was knowing, intelligent and voluntary.